IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTONIO LEVETT RUCKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:18CV278 |
| v. ) | 1:16CR379-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Antonio Levett Rucker, a federal prisoner, brings a Motion [Doc. #40] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On January 3, 2017, Petitioner pled guilty to a single count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In a Judgment [Doc. #27] entered on June 7, 2017, Petitioner received a sentence of 110 months of imprisonment. Petitioner pursued an unsuccessful direct appeal before filing his current Motion. Respondent filed a Response [Doc. #44] opposing the Motion, Petitioner filed a Reply [Doc. #46] and Petitioner's Motion is now before the Court for a ruling.

Petitioner's Claims

Petitioner sets out two potential claims for relief in his Motion. Petitioner's first claim contends that he was improperly sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. (Motion, § 12, Ground One.) His second claim alleges that he

received ineffective assistance of counsel because his attorney did not object to the application of the career offender guideline. (Id., Ground Two.)

Discussion

Petitioner's first claim is that the sentencing judge improperly applied the career offender enhancement in his case. However, such claims are not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 940-43 (4th Cir. 2015) (holding that claims of misapplication of advisory Sentencing Guidelines do not constitute matters cognizable on collateral review). Therefore, this claim for relief should be denied.[1]

Petitioner's second claim alleges ineffective assistance of counsel at sentencing because his attorney did not challenge the application of the career offender guideline. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

Here, Petitioner claims that his attorney should have contested the application of the career offender enhancement in his case by challenging both of the predicate offenses used to support that enhancement. A defendant is a career offender if he is an adult at the time of the

---

[1] In addition, as noted by the Government, Petitioner raised this argument as part of his direct appeal. Petitioner may not relitigate in collateral proceedings an issue that has been rejected on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004). The issue may still be raised in the context of a claim of ineffective assistance of counsel, see United States v. Carthorne, 878 F.3d 458 (4th Cir. 2017), and this Court has considered Petitioner's ineffective assistance of counsel claim as set out above.

2

instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence," "controlled substance offense," and "felony" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of physical force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). The Presentence Report in the present case classified Petitioner as a career offender based on North Carolina convictions for felony assault by strangulation and felony possession with intent to sell/deliver cocaine.

With respect to the prior conviction for assault by strangulation, Petitioner contends that his attorney should have argued that it was not a crime of violence under the Guidelines. Petitioner's argument is not entirely clear, but it appears that Petitioner is contending that assault by strangulation does not involve the use, attempted use, or threatened use of force against the person of another. However, Petitioner points to no case holding that this is so, either before or after his sentencing. In addition, Petitioner has not made any contention that one can inflict injury by strangulation without using physical force. In fact, as discussed in detail in United States v. Travis, 149 F. Supp. 3d 596, 598-602 (E.D.N.C.), appeal dismissed, 671 F. App'x 877 (4th Cir. 2016), assault by strangulation as defined by North Carolina law

3

was, and is, a crime of violence under the Guidelines because it necessarily involves the "knowing and purposeful application of violent force to the person of another." Id. at 601. Given this, Petitioner's attorney did not provide deficient performance by failing to challenge its use as a predicate at his sentencing. He also could not have prejudiced Petitioner by failing to raise a meritless argument. Petitioner's claim otherwise should be denied.

With respect to Petitioner's contention that his attorney should have challenged the use of his conviction for felony possession with intent to sell/deliver cocaine, this claim also fails. Petitioner's argument regarding this second predicate conviction is even less clear than his argument challenging his assault conviction. However, he claims that the drug predicate is no longer a "controlled substance offense" in light of Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016). This is simply not correct. A number of petitioners have raised a similar claim in cases filed in the Eastern District of North Carolina. In discussing one such claim, that court stated:

> Petitioner suggests that Mathis requires this court to find the state statute that provided the basis for his prior state convictions to be overly broad and therefore the convictions are invalid predicates. The Fourth Circuit's recent decision in United States v. Dozier is instructive. 848 F.3d 180 (4th Cir. 2017). In that case, the Fourth Circuit determined that West Virginia's "controlled substance offense" was a categorical match with the generic "controlled substance offense," as contemplated by the Sentencing Guidelines. Dozier, 848 F.3d at 187–88. Under the same reasoning, North Carolina's "controlled substance offense" is a categorical match because the related elements are no broader than the generic offense. See Dozier, 848 F.3d at 187; compare U.S.S.G. § 4B1.2(b), and W. Va. Code § 60A–4–401(a) (2011), with N.C. Gen Stat. Ann. § 90-95(a)(1) (2015).

Strain v. United States, No. 5:14-CR-60-FL-1, No. 5:17-CV-230-FL, 2017 WL 3669531, at *3 (E.D.N.C. Aug. 24, 2017) (unpublished) (internal citation to the docket and footnote deleted),

4

appeal dismissed, 707 F. App'x 152 (4th Cir. Dec. 22, 2017), cert denied, ___ U.S. ___, 138 S. Ct. 2639 (2018); accord Miller v. United States, No. 7:13-CR-75-FL-1, No. 7:16-CV-421-FL, 2017 WL 2788330 (E.D.N.C. June 27, 2017) (unpublished), appeal dismissed, 697 F. App'x 787 (4th Cir. 2017); Parker v. United States, No: 5:09-CR-21-BR, No: 5:16-CV-477-BR, 2017 WL 2988239 (E.D.N.C. July 13, 2017) (unpublished), appeal dismissed, 710 F. App'x 119 (4th Cir. 2017); Day v. Andrews, No. 5:17-HC-2038-BO, 2017 WL 6611509 (E.D.N.C. Dec. 27, 2017) (unpublished), aff'd, 730 F. App'x 165 (4th Cir. 2018). Therefore, Petitioner's conviction for felony possession with intent to sell/deliver cocaine also remains a proper predicate supporting Petitioner's career offender enhancement, his attorney did not perform deficiently by failing to argue otherwise, and Petitioner was not prejudiced by his counsel's failure to raise a meritless argument. Petitioner's claim for ineffective assistance of counsel fails and his Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #40] to vacate, set aside or correct sentence be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 21st day of January, 2020.

                /s/ Joi Elizabeth Peake
               United States Magistrate Judge